[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
The matter before the court is the plaintiff's motion to set aside the verdict in the captioned matter, to which the defendants object. At issue is whether the court's charge to the jury was confusing concerning whether it was the jury's duty to make a subtraction from the damages found by it, if the jury both found for the plaintiff and also found the plaintiff to have been contributorily negligent. For the reasons stated below, the motion is granted. CT Page 3719
The court's charge to the jury contained the following directive, in regard to comparative negligence: "Any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person."
The court's charge also instructed the jury how to fill in, on the plaintiff's verdict form, the percentage of negligence of each party, if the jury found for the plaintiff and also found that the plaintiff had been contributorily negligent. However, the court did not instruct the jury whether it was the duty of the jury, or of the court, to calculate any subtraction from the amount of damages found by the jury for any contributory negligence of the plaintiff.
After completion of the charge, counsel for the defendants took exception to the charge, as follows:
 "ATTORNEY LAHR: I take exception, your Honor, to the charge with respect to the verdict forms. I think it was confusing."
The court agreed with defendants' counsel that the charge in respect to completing the verdict forms was confusing, and the court called the jury back and gave further instructions. On review of the transcript of those further instructions, it is apparent that the court did not properly instruct the jury as to whether it was the duty of the jury, or of the court, to calculate any subtraction from the amount of damages found based on any contributory negligence of the plaintiff. Accordingly, the confusion concerning the completion of the plaintiff's verdict form, to which defendants' counsel originally objected, was not corrected. As a result, the court cannot determine at this time whether or not the jury calculated a subtraction for the plaintiff's contributory negligence of 40 percent from the damages awarded by it on the plaintiff's verdict form which was returned by it.
In order to avoid a possible injustice, the verdict is set aside, and a new trial is ordered.
Levine, J.